**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jonathan LEE, Defendant–Appellant.**

No. 03–3123.

United States Court of Appeals,
Seventh Circuit.

Submitted March 25, 2004.

Decided March 25, 2004.

Amanda A. Robertson, Office of the United States Attorney, Benton, IL, for Plaintiff–Appellee.

Jonathan L. Lee, Federal Correctional Institution, Oakdale, LA, for Defendant–Appellant.

Before Hon. RICHARD A. POSNER, Hon. DIANE P. WOOD, and Hon. ANN CLAIRE WILLIAMS, Circuit Judges.

ORDER

Jonathan Lee pleaded guilty to conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court sentenced him to 210 months' imprisonment and 5 years' supervised release, and imposed a $100 special assessment and a $200 fine. Lee filed a timely notice of appeal, but his appointed counsel seeks to withdraw, being unable to identify a nonfrivolous basis for appeal. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Lee was given an opportunity to respond under Cir-

cuit Rule 51(b), but he never did. Because counsel's brief is facially adequate, we limit our review to the potential issues identified by counsel. *United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997) (per curium).

Counsel first considers whether Lee could argue that his guilty plea was not knowing and voluntary because the district court failed to fully comply with Federal Rule of Criminal Procedure 11. But Lee has never indicated that he wants to withdraw his guilty plea, and so counsel need not explore this potential argument. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir.2002). In any event we agree with counsel that an argument based on Rule 11 would be frivolous because the transcript of the plea colloquy shows that the district court substantially complied with the rule.

Counsel next considers whether Lee could assert that the district court failed to comply with the sentencing procedures provided by Federal Rule of Criminal Procedure 32. Here an argument based on Rule 32 would be frivolous because, as counsel points out, the district court provided pre-hearing notice of the recommended offense level and classification, allowed a pre-hearing opportunity to review the Presentence Investigation Report (PSR), allowed both counsel and Lee to speak on Lee's behalf at sentencing, and informed Lee of his right to appeal. *See* Fed.R.Crim.P. 32(c)-(k).

Lastly, counsel asks whether Lee could make a non-frivolous challenge to his sentence on the basis that he was denied due process by not providing him notice of how the relevant conduct, which increased his sentence, was determined. This contention is frivolous because Lee waived all appellate review on this point when he failed to file any objections to the PSR and acknowledged at sentencing that he was not challenging the relevant conduct calculation. *See United States v. Schuh*, 289 F.3d 968, 976 (7th Cir.2002) (holding that defendant waived issue for appeal when he withdrew his objection to relevant conduct at sentencing); *United States v. Scanga*, 225 F.3d 780, 783 (7th Cir.2000) (holding that defendant intentionally waived his right to appeal the relevant conduct calculation by not objecting to the PSR).

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.